OPINION
Defendant-appellant, Toby L. Wright ("appellant"), appeals from the judgment entered in the Stark County Court of Common Pleas denying appellant's motion for full credit against his prison term for all time spent at the Stark Regional Community Correction Center ("SRCCC"). Appellant assigns as error:
 ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN DENYING APPELLANT CREDIT FOR ALL TIME SPENT IN A COMMUNITY BASED CORRECTIONS FACILITY.
On June 8, 1998, appellant pled guilty to one count of Burglary, a felony of the second degree. Appellant was subsequently sentenced to three (3) years of community control sanctions. One of the conditions of the community controlled sanction was that appellant complete the program at SRCCC or other similar facility. On July 27, 1999, a motion to revoke appellant's probation was filed by appellant's probation officer on the basis that appellant had tested positive for marijuana on four separate occasions since his burglary conviction. On August 6, 1999, appellant stipulated to a finding of probable cause that he did violate his probation. Appellant also stipulated he had violated certain terms of his community controlled sanctions. Thereafter, the trial court ordered appellant's community controlled sanctions revoked and sentenced him to a prison term of two (2) years. However, the court only credited appellant with the first thirty (30) days he spent at SRCCC. On August 19, 1999, appellant filed a motion requesting the court grant him all one hundred six (106) days he spent at SRCCC. By stipulation filed on September 10, 1999, the State of Ohio and appellant agreed appellant was admitted to SRCCC on August 5, 1998, and discharged from SRCCC on November 18, 1998. As such, it was stipulated appellant had spent a total of one hundred six (106) days at SRCCC. By judgment entered September 20, 1999, the trial court overruled appellant's motion determining, pursuant to State of Ohio vs. David Napier (Stark County Court of Common Pleas Case No. 1998CR00512), appellant was only entitled to credit for the first thirty (30) days of "lockdown time" at SRCCC. The issue before this Court is whether appellant should have been granted the entire one hundred six (106) days he spent in the SRCCC facility. Unfortunately, the record in this matter is devoid of any evidence of the exact nature and circumstances surrounding appellant's enrollment at SRCCC. The record in this matter does not demonstrate whether appellant only attended certain classes, programs, or whether he was confined to the facility during all or part of each day. Instead, we are only presented in this matter with a written stipulation that appellant was "admitted August 5, 1998 and discharged November 18, 1998" to the SRCCC facility. We also have before us the trial court's finding that appellant was only granted credit for the "first thirty (30) days of lockdown time" at such facility. We are unable to determine, from the record before us, whether appellant spent only thirty (30) days of "lockdown time" or one hundred six (106) days of "lockdown time." While this Court could make assumptions based upon past cases involving time spent at the SRCCC facilities, we refuse to make such assumptions. Instead, from the state of this record, it could be reasonably concluded that appellant spent one hundred six (106) days of "lockdown time" at the SRCCC, but was only granted, without explanation, thirty (30) days of credit. Accordingly, we hereby reverse the trial court's judgment and remand this matter to the Stark County Court of Common Pleas to conduct an evidentiary hearing as to the nature and circumstances surrounding appellant's entire confinement to the SRCCC.
For the foregoing reasons, we hereby reverse the judgment entered in the Stark County Court of Common Pleas granting appellant thirty (30) days of credit, rather than one hundred six (106) days of credit, for the time spent at the SRCCC facility, and remand this cause to the Stark County Court of Common Pleas to conduct an appropriate evidentiary hearing.
 __________________________ READER, V.J.
FARMER, P.J. and WISE, J. concur.